**DAVID J. COOK, ESQ. (State Bar # 060859)**
**COOK COLLECTION ATTORNEYS**
**A PROFESSIONAL LAW CORPORATION**
165 Fell Street
San Francisco, CA  94102-5106
Mailing Address: P.O. Box 270
San Francisco, CA  94104-0270
Tel.: (415) 989-4730
Fax: (415) 989-0491
File No. 56,724

Attorneys for Plaintiff
ENTREPRENEUR MEDIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| ENTREPRENEUR MEDIA, INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SCOTT SMITH dba Entrepreneurpr,<br><br>　　　　　Defendant.<br>_____ | CASE NO.  98-3607 FMC (CTx)<br><br>FIRST AMENDED SCAN-SEARCHABLE DECLARATION OF DAVID J. COOK, ESQ. IN SUPPORT OF REPLY TO DEFENDANT SCOTT SMITH'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS [WITHOUT EXHIBITS]<br><br>Courtroom: 650 - Roybal<br>Chief Judge: George H. King |

　　　　I, DAVID J. COOK, hereby declare and state as follows:

　　　　1.  I am one of the attorneys of record for Plaintiff in the above-entitled action, am duly authorized to practice before all courts in the State of California, and am familiar with the facts and circumstances in this action.

　　　　2.  This document is scan-searchable.  After recognizing the error in not filing scan-searchable documents, every document filed with this court will be scan-searchable.  The fact that some documents were not scan-searchable, Declarant apologizes to the court for this oversight.

　　　　3.  Attached hereto marked *Exhibit "A"* is a true and correct copy of the JUDGMENT AND PERMANENT INJUNCTION FOLLOWING COURT TRIAL.

1     4. Smith's campaign is one of continuous obstruction to discovery, which includes but is not limited to his failure to respond to a discovery order in the USDC, E.D.Cal. (Document #162) in which Magistrate Judge Brennan ordered Smith to produce documents. A true and correct copy of that ORDER is attached hereto marked **Exhibit "B."**

    5. In the state court case of *Entrepreneur Media, Inc. v. Scott Smith, an individual; et al.,* Case No. CGC 13 530730, the court entered another order compelling discovery, a true and correct copy which is attached hereto marked **Exhibit "C."** The current order (Document #345) is now number two of three discovery orders.

    6. Declarant did provide Smith with one last chance to respond to the post-judgment discovery pursuant to the letter dated May 15, 2015, a true and correct copy which is attached hereto marked **Exhibit "D."**

    7. On June 10, 2015, Declarant sent a meet and confer letter, a true and correct copy which is attached hereto marked **Exhibit "E"** and two Joint Stipulations. Smith has not complied with discovery despite the fact that he has waived all objections.

    8. Smith has made a decision never to meaningfully respond to written discovery, whether propounded in this court, the USDC, E.D.Cal., or the state court. Smith has decided to engage in endless litigation by refusing to respond to any discovery, defaulting on motions, failing to respond to Notice of Intended Sales, and worse, failing to respond to any discovery at all. Even more unusual is that Smith even defaulted in emailing his objection to a Tentative Ruling in the state court action, a true and correct copy of the REPORTER'S TRANSCRIPT OF PROCEEDINGS HEARING BEFORE THE HONORABLE NOAH D. LEBOWITZ TAKEN ON THURSDAY, JUNE 4, 2015, the Pro Tem Judge is attached hereto marked **Exhibit "F."** The evidence leads to the conclusion that Smith will never stop "litigating this matter," rather than recognizing his obligation

1  to respond to post-judgment discovery because he is a judgment debtor based upon
2  his choice to infringe on EMI's trademark.
3       9. The most telling example is the oral argument of Smith at the hearing of
4  June 19, 2015 before the Honorable Ernest Goldsmith in which Smith argues
5  compliance with Local Rules, as opposed to the reason why Smith defaulted in
6  responding to the state court discovery.  A true and correct copy of the transcript of
7  Friday, June 19, 2015 is attached hereto marked ***Exhibit "G."***
8       10. Declarant therefore seeks appropriate remedies which will ameliorate the
9  campaign of litigation foisted by Smith upon EMI and its attorneys.  This relief is as
10 follows:
11      A. For a discovery sanction under FRCP 37(b)(2)(A)(I)-(vii) that Smith be
12 barred, precluded, stayed and enjoined, from prosecuting, continuing to prosecute,
13 file, litigate, or assert, any claim of right or interest, or any claim or cause of action
14 which has not been disclosed, either in part or in whole, in his answers, if any, to the
15 discovery propounded by Plaintiff consisting of POST-JUDGMENT
16 INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS
17 served on 1/14/15 ("Post-Judgment Discovery") and by which the court has entered
18 a CIVIL MINUTES-GENERAL compelling Smith to respond thereto ("Discovery
19 Order," Document 345).
20      B. For an order precluding Smith from offering into evidence, or attempting
21 to offer into evidence, any facts, documents, claims, or other evidence, whether
22 documentary or otherwise, into any proceedings, lawsuits, claims, proceedings
23 before the TTAB, in any court, or for that matter, any other forum, which were not
24 revealed, disclosed, or enumerated, either in part or in whole, by virtue of any
25 responses to the Post-Judgment Discovery.
26      11. Instead of seeking monetary sanctions, coercive contempt at this point in
27 time, Declarant is seeking the relief which is consistent with the fact that Smith is
28 not disclosing information.  Smith is unwilling to respond to post-judgment

1  discovery concerning his assets, including claims, rights and interests.  Smith
2  likewise bears the consequences from being precluded from prosecuting those
3  claims, rights and interest, much less offering any evidence.  This is simply another
4  form of judicial estoppel in which Smith is now bound by his position of
5  nondisclosure.  Smith has decided to stand on these grounds, and likewise would be
6  precluded from making disclosures or litigating claims which he has declined to
7  disclose at the outset.  This is near identical to the debtor who fails to disclose a
8  viable claim in the bankruptcy schedules and statement of affairs for purposes of
9  hiding it from the creditors, but when the case is over, filing a claim against a
10 defendant and seeking to recover a significant money award.  This is not a prefiling
11 order, but a discovery sanction which precludes Smith from essentially litigating or
12 seeking to litigate claims which he has not disclosed which is consistent with the
13 Ninth Circuit's ruling in *Ah Quin v. Cnty. of Kauai Dep't of Transp.*  In that case, the
14 court declined to impose judicial estoppel because the underlying plaintiff, i.e. the
15 debtor, recognized her error and subsequently made a disclosure of the claim.  Here,
16 Smith refuses to provide any disclosures, as this is the product of an intentional
17 decision by him. Applying *Ah Quin v. Cnty. of Kauai Dep't of Transp.,* this court
18 would be entitled to preclude Smith from litigating claims or continuing to litigate
19 claims in which he has not disclosed or provided information.

20      12.  Plaintiff does not waive its right to proceed with motion for civil,
21 coercive contempt which Plaintiff intends to undertake shortly.
22      I declare under penalty of perjury that the foregoing is true and correct.
23      Executed on July 1, 2015.

                                           /s/ David J. Cook
25                                     DAVID J. COOK, ESQ. (SBN 060859)

27 F:\USERS\DJCNEW\scott smith.cd reply sanctions dec